UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL D. DRAEHN, | § | |
| and LARRY R. DRAEHN, | § | |
|     Plaintiffs, | § | |
| v. | § | No. 3:16-CV-00248-L-BF |
| WILMINGTON TRUST, NATIONAL | § | |
| ASSOCIATION, et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The district court referred this civil action to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 1]. Before the Court for consideration is Defendant Mortgage Electronic Registration System's ("MERS") Motion for Summary Judgment [ECF No. 27] filed on August 2, 2016. For the following reasons, the Court recommends that the district court grant Defendant's motion.

### Undisputed Material Facts

This case arises out of foreclosure proceedings initiated by New Penn Financial, L.L.C. d/b/a Shellpoint Mortgage Servicing ("Shellpoint") against real property located at 309 Laurel Trail Dr., Terrell, Texas 75160 (the "Property"). Pls.' Am. Compl. 1 [ECF No. 23]. The Property is located in Kaufman County, Texas. *Id.* at 1 [ECF No. 23]. Carol D. Draehn and Larry R. Draehn ("Plaintiffs") are citizens of Texas and domiciled in Kaufman County. *Id.* [ECF No. 23]. On or about May 9, 2005, Plaintiffs executed a promissory note (the "Note") and Deed of Trust ("DOT") with Countrywide Bank as evidence of the loan and security interest. *Id.* at 3 [ECF No. 23]. MERS was the beneficiary under the DOT acting solely as nominee for the lender and lender's successors and assigns. Def.'s Mot. for Summ. J. 1 ¶ 1 [ECF No. 27]. On May 18, 2005, MERS recorded the DOT in Kaufman

County as document number 00009607. *Id.* at Ex. A, 26 [ECF No. 27-1].[1] On October 4, 2011, MERS assigned its interest to Bank of America, N.A. and recorded in Kaufman County on October 12, 2011, as document number 2011-0015546. *Id.* at Ex. B, 2 [ECF No. 27-2]. Through a series of assignments, the DOT was eventually assigned to Wilmington Trust, N.A., not in its individual capacity, but solely as Trustee for VM Trust Series 3 ("WTNA"). *Id.* at 1-2 ¶ 1 [ECF No. 27].

With leave of court [ECF No. 20], Plaintiffs filed their First Amended Complaint ("complaint") alleging breach of contract and wrongful foreclosure. Pls.' Am. Compl. 3, 11 [ECF No. 23]. Plaintiffs seek damages, injunctive relief, and a declaration under the Uniform Declaratory Judgment Act ("UDJA") 28 U.S.C. § 2201 as well as Texas Civil Practice and Remedies Code Chapter § 37.004(a). *Id.* at 13-15 [ECF No. 23]. Plaintiffs allege that MERS committed breach of contract through an invalid assignment of the DOT to WTNA. *Id.* at 3 [ECF No. 23]. Plaintiffs also contend that any attempt by MERS to transfer its interest in the DOT without the Note is void and MERS has "undisputedly separated the Note and the DOT." *Id.* at 4 [ECF No. 23].

MERS moves for summary judgment on grounds that: (1) Plaintiffs lack standing to challenge MERS' assignment of the DOT; (2) Plaintiffs' "split-the-note" and "failure to record" arguments fail as a matter of law; (3) MERS had the right to exercise its interest in the DOT; and (4) the UDJA does not create an independent cause of action. Plaintiffs failed to file a written response to Defendant's motion. *See* Docket. Accordingly, the Court considers the motion without the benefit of a response.

## Standard of Review

Summary judgment is appropriate when the pleadings and evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v.*

---

[1] Pursuant to Rule 201, the Court takes judicial notice of the facts stated in the DOT. FED. R. EVID. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

2

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; FED. R. CIV. P. 56(e). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment. *Celotex*, 477 U.S. at 322-23.

## Analysis

### I. Breach of Contract

The gravamen of Plaintiffs' claims against MERS is for breach of contract. Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex.

App.-Corpus Christi 2008, no pet.); *Smith Int'l, Inc. v. Egle Group, L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007). Contract law governs assignments and only parties to the assignments have standing to contest them. *See Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011) (holding plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments). Plaintiffs assert the contract at issue is the loan and DOT on the Property. Pls.' Am. Compl. 3 [ECF No. 23].

First, Plaintiffs argue that MERS breached the contract by assigning the DOT to WTNA making the assignment void. *Id.* at 3-4 [ECF No. 23]. Plaintiffs contend that MERS lacked authority to assign the DOT because "MERS failed to submit documents authorizing MERS, as nominee for the original lender, to assign the subject mortgage to the trustee." *Id.* at 3 [ECF No. 23]. MERS argues Plaintiffs lack standing to challenge the assignment of the DOT because they were not a party to the assignment. Def.'s Mot. for Summ. J. 4 ¶ 9 [ECF No. 27]. MERS contends that the DOT expressly grants MERS as the beneficiary a right to exercise all the interests in the DOT. *Id.* at 5 ¶ 10 [ECF No. 27].

Where the DOT expressly names MERS as a beneficiary and nominee for the lender, it has authority to assign the DOT. *See Lamb v. Wells Fargo Bank, N.A.*, 2012 WL 1888152, at *5 (N.D.Tex. May 24, 2012) (Lindsay, J.); *Dempsey v. U.S. Bank Nat'l*, 2012 WL 2036434, at *5 (E.D.Tex. Jun. 6, 2012) (citing *Eskeridge*, 2011 WL 2163989, at *5)). Likewise, Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). Upon transfer, the assignee becomes authorized to assert that right or interest. *Id.* Plaintiffs do not allege and have not provided any evidence demonstrating that they were a party to the assignment they contest. Plaintiffs, therefore, lack standing to contest the transfer and assignment of the DOT from MERS to Bank of America. *See Eskridge*, 2011 WL 2163989, at *5; *see also Woods v. Bank of*

*Am., N.A.*, 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D.Tex. Apr. 17, 2012) (holding that plaintiff lacked standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment).[2]

The Court agrees the DOT expressly provides MERS with the right to exercise its interest in the DOT. The DOT states: "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." Def.'s Mot. for Summ. J. Ex. A, 2 [ECF No. 27-1]. The DOT specially allows MERS "the right: to exercise any or all of those interests . . ." including the right to foreclose and sell the Property. *Id.* at Ex. A, 3 [ECF No. 27-1].[3] Therefore, the DOT granted MERS a valid interest, which in turn gave MERS the authority to assign the DOT. Plaintiffs admit that after MERS' assignment of the DOT, MERS no longer held "any beneficial interest." Pls.' Am. Compl. 4 [ECF No. 23]. Further, MERS did not assign the DOT to WTNA. MERS assigned the DOT to Bank of America. The undisputed summary judgment evidence shows that MERS had the right to assign its interest and executed a valid transfer of its interest to Bank of America. Additionally, Plaintiffs present no summary judgment evidence that contradicts that they are in default. Plaintiffs' breach of contract claim against MERS should be dismissed.

Plaintiffs' split-the-note theory also fails as courts in the Fifth Circuit have consistently held that the DOT automatically transfers the debt, which is evidenced by the promissory note, thus

---

[2] Plaintiffs have also failed to show standing under *Ferguson* that the assignment from MERS to Bank of America is *void*. *Cf.* Pls.' Am. Compl. 8-10 [ECF No. 23] with *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 781-82 (2015).
[3] *See also Smallwood v. Bank of Am., N.A.*, No. 3:15-CV-0601-M-BK, 2015 WL 7067864, at *3 (N.D.Tex. Oct. 28, 2015), *R. & R. adopted*, No. 3:15-CV-0601-M-BK, 2015 WL 7069341, at *1 (N.D.Tex. Nov. 12, 2015) (citing *Ferguson*, 802 F.3d at 781) ("As a beneficiary, MERS had the right to assign the [deed of trust]. Therefore, MERS' acting as the beneficiary did not render the transfer to BNY void.")); *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d, 422, 425 (5th Cir. 2014) ("Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."); *Martins*, 722 F.3d at 255.

rejecting the split-the-note theory.[4]

Nor can Plaintiffs avoid summary judgment on their claim that MERS' assignment is not effective because it was not recorded. The summary judgment evidence establishes that all assignments were properly recorded. MERS recorded both the DOT and MERS' assignment of the DOT to Bank of America in Kaufman County, Texas. Def.'s Mot. for Summ. J. Ex. A, B [ECF Nos. 27-1, 27-2]. Further, any alleged failure to properly record one of the assignments would not affect MERS' authority to enforce the DOT. *See Hudson v. J.P. Morgan Chase Bank, N.A.*, 541 Fed. App'x 380, 383 (5th Cir. 2013). Plaintiffs have failed to raise a genuine dispute that MERS failed to record its assignment in the office of the county clerk. Plaintiffs' claims under their split-the-note and failure to record theories should be dismissed.

## II. Wrongful Foreclosure

Plaintiffs' complaint also alleges a claim for wrongful foreclosure against Defendants. Pls.' Am. Compl. 11 [ECF No. 23].[5] It is unclear whether Plaintiffs bring a wrongful foreclosure action specifically against MERS. To the extent Plaintiffs do bring a claim for wrongful foreclosure against MERS, the summary judgment evidence shows that this claim should also be dismissed. MERS was the beneficiary of the DOT and is not the current servicer of the loan. MERS transferred any interest in the Property upon its assignment to Bank of America. Plaintiffs fail to state any facts supporting a wrongful foreclosure action. As the Court has determined, Plaintiffs' theories that MERS lacked authority to assign the DOT fail as a matter of law; their claim for alleged wrongful foreclosure likewise fails.[6]

---

[4] *Dempsey*, 2012 WL 2036434, at *5 n.1 (citing cases); *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *3 (N.D.Tex. May 21, 2012) (Lindsay, J.) (rejecting the split-the-note theory because there was no merit to plaintiffs' argument that the deed of trust and note were "split").
[5] In Texas, the elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Biggers v. BAC Home Loans Serv., L.P.*, 767 F. Supp. 2d 725, 729 (N.D.Tex. 2011) (citing cases).
[6] Although MERS does not assert it in their motion, it appears that both of Plaintiffs' claims for breach of

6

Thus, there is no genuine dispute of material fact as to whether Plaintiffs performed under the DOT or whether MERS had the authority to assign the DOT. Plaintiffs have failed to raise any genuine dispute of material fact that MERS breached the DOT. The Court finds that Plaintiffs cannot prove a necessary element of a breach of contract claim, that a breach occurred by MERS. Because there is no genuine issue of material fact that exists for trial, Plaintiffs' breach of contract claim cannot stand. Accordingly, the district court should grant MERS' motion for summary judgment.

### Declaratory Judgment

Plaintiffs seek a declaration pursuant to the UDJA. Pls.' Am. Compl. 12-13 [ECF No. 23], The UDJA's purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002. In Texas, a declaration under the UDJA does not create any substantive rights or causes of action, but instead is merely a procedural device. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (citation omitted). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Id.* Accordingly, Plaintiffs' attempt to bring an independent cause of action for declaratory judgment fails. Furthermore, because Plaintiffs have failed to allege any valid causes of action in their complaint against MERS, the remedy of a declaratory judgment is inappropriate. The district court should deny Plaintiffs' request for a declaration or declaratory judgment.

### **RECOMMENDATION**

The Court finds that MERS has met its burden of demonstrating that it is entitled to judgment

---

contract and wrongful foreclosure are time barred by their respective statute of limitations. *See TIB-The Indep. BankersBank v. Canyon Cmty. Bank,* 13 F. Supp. 3d 661, 668 (N.D.Tex. 2014) (Fitzwater, J.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.004) ("Under Texas law, a four-year statute of limitations applies to breach of contract claims.")); *see also Jackson v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-3695-N-BN, 2015 WL 6907507, at *4 (N.D.Tex. Oct. 14, 2015), *R. & R. adopted*, No. 3:14-CV-3695-N, 2015 WL 6866112 (N.D.Tex. Nov. 9, 2015) (holding statute of limitations for wrongful foreclosure based in tort is two years).

7

as a matter of law because based on the undisputed facts, there is no genuine issue of material fact for trial. Accordingly, the Court respectfully recommends that the district court **GRANT** Defendant's Motion for Summary Judgment [ECF No. 27]. The district court should dismiss with prejudice all of Plaintiffs' claims against MERS.

    **SO RECOMMENDED**, this _16_ day of December, 2016.

                                            PAUL D. STICKNEY
                                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).