UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL D. DRAEHN and <br> LARRY R. DRAEHN, <br> Plaintiffs, <br> v. <br> WILMINGTON TRUST NATIONAL <br> ASSOCIATION, et al., <br> Defendants. | No. 3:16-CV-00248-L-BF |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the District Court referred this civil action to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 1]. Before the Court for consideration are two motions to dismiss filed by (1) Defendant Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for VM Trust Series 3 ("WTNA") and New Penn Financial, L.L.C. d/b/a Shellpoint Mortgage Servicing ("Shellpoint") [ECF No. 25]; and (2) Carrington Foreclosure Services, L.L.C. ("Carrington") [ECF No. 35]. For the following reasons, this Court recommends that the district court grant Carrington's Motion to Dismiss [ECF No. 35]. The Court also recommends the district court grant in part and deny in part WTNA and Shellpoint's Motion to Dismiss [ECF No. 25].

### Background

This case arises out of foreclosure proceedings initiated by Shellpoint against real property located at 309 Laurel Trail Dr., Terrell, Texas 75160 (the "Property"). Pls.' Am. Compl. 1 [ECF No. 23]. The Property is located in Kaufman County, Texas. *Id.* [ECF No. 23]. Carol D. Draehn and Larry R. Draehn ("Plaintiffs") are citizens of Texas and domiciled in Kaufman County. *Id.* [ECF No. 23]. On or about May 9, 2005, Plaintiffs executed a promissory note (the "Note") and Deed of Trust ("DOT") with Countrywide Bank as evidence of the loan and security interest. *Id.*

at 3 [ECF No. 23]. Mortgage Electronic Registration Systems ("MERS") was the original nominee and beneficiary under the DOT. *Id.* [ECF No. 23]. On October 4, 2011, MERS assigned the DOT, to Bank of America, N.A., and recorded the assignment in Kaufman County, Texas. *See* Def.'s Mot. for Summ. J. Ex. B, 3 [ECF No. 27-2].[1] On May 20, 2014, Bank of America assigned the DOT to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-17, and recorded the assignment in Kaufman County. Defs.' Req. for Judicial Notice in Supp. of Mot. to Dismiss (hereafter "Defs.' Mot. Supp.") Ex. D, 3 [ECF No. 26-4]. On October 8, 2014, Christiana Trust assigned the DOT to J.P. Morgan and subsequently recorded in Kaufman County. *Id.* at Ex. E, 3 [ECF No. 26-5]. On October 23, 2014, J.P. Morgan executed a transfer of lien to WTNA and recorded in Kaufman County. *Id.* at Ex. F, 3 [ECF No. 26-6]. Shellpoint is the current servicer of the loan. Pls.' Am. Compl. 3 [ECF No. 23].

Plaintiffs allege they are under the imminent threat of foreclosure of the Property. *Id.* at 8 [ECF No. 23]. With leave of court [ECF No. 20], Plaintiffs filed their First Amended Complaint ("complaint") alleging breach of contract and wrongful foreclosure. *Id.* at 3, 11 [ECF No. 23]. Plaintiffs seek damages, injunctive relief, and a declaration under the Uniform Declaratory Judgment Act ("UDJA") 28 U.S.C. § 2201 as well as Texas Civil Practice and Remedies Code Chapter § 37.004(a). *Id.* at 13-15 [ECF No. 23]. All three Defendants (Shellpoint, WTNA, and Carrington) move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)").

## Legal Standard

---

[1] Pursuant to the Court's request for clarification, *see* Order 1-3 [ECF No. 42], the Court disregards Defendants Exhibit C [ECF No. 26-3] for this assignment to Bank of America. *See* Defs.' Resp. 1-2 [ECF No. 43].

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## Analysis

### I. Breach of Contract

Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.). An assignment is a transfer of a right or interest, and thus is a contract between the assignor of the right or interest and the assignee. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203, 211

(Tex.App.-El Paso 2010, pet. denied). Upon transfer, the assignee becomes authorized to assert that right or interest. *Id.* Assignments are governed by contract law and only parties to the assignments have standing to contest them. *See Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011) (holding Plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments); *Woods v. Bank of Am., N.A.*, 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D.Tex. Apr. 17, 2012) (holding that Plaintiff lacked standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment). Plaintiffs argue that the contract at issue is the loan and the DOT on the Property. Pls.' Am. Compl. 3 [ECF No. 23]. The Court will address each parties' alleged breach separately.

### A. MERS

The gravamen of Plaintiffs claims for breach of contract begins with MERS' alleged breach by assigning the DOT to WTNA. Plaintiffs allege that MERS lacked authority as the nominee to assign the DOT, making the assignment void. Pls.' Am. Compl. 3 [ECF No. 23]. Since MERS has moved for summary judgment rather than dismissal under Rule 12(b)(6) the Court will address MERS' alleged breach of contract in its forthcoming findings and recommendation.

### B. Shellpoint

Plaintiffs allege that Shellpoint breached the contract by failing to notify Plaintiffs in writing as to changes in the loan characteristics. Pls.' Am. Compl. 5 [ECF No. 23]. Plaintiffs also allege that Shellpoint, as the loan servicer, is an agent of the owner and investor of the loan, thus owing Plaintiffs a duty of care. *Id.* at 5 [ECF No. 23]. Shellpoint responds that it is the servicer of Plaintiffs' mortgage and is not a party to the Note or the DOT. Defs.' Mot. to Dismiss 3 [ECF No.

25]. Shellpoint argues that absent a contract between Plaintiffs and Shellpoint, Plaintiffs breach of contract claim fails. *Id.* at 3 [ECF No. 25].

Shellpoint does not owe Plaintiffs a duty of care and Plaintiffs fail to allege where the DOT creates such duty. "Plaintiff does not identify any provision in the Deed of Trust that creates a duty of good faith and fair dealing. Under Texas law, absent such language in the contract, a mortgagor-mortgagee relationship does not imply a duty of good faith." *Woods*, 2012 WL 1344343, at *4 (citing *Fantroy v. Countrywide Home Loans, Inc.*, No. 3:06-CV-1889-K, 2007 WL 2254941, at *3 (N.D.Tex. 2007)); *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith); *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 800 (Tex.App.-Tyler 1999, no pet.) (neither loan servicer nor mortgagee owed mortgagor a duty of good faith). Plaintiffs do not identify any provision in the DOT that creates a duty of good faith, duty of care, or fair dealing. Plaintiffs also do not allege that there is a fiduciary relationship between Plaintiffs and Shellpoint. "[C]ourts have held that a mortgage servicer, 'as the entity servic[ing] the mortgage on behalf of the mortgagee, [ ] does not owe [the borrower] a fiduciary duty as a matter of law.'" *Richardson v. Ocwen Loan Serv., L.L.C.*, No. 3:13-CV-2578-O, 2014 WL 978512, at *6 (N.D.Tex. Mar. 11, 2014) (citing cases).

Plaintiffs also allege that Shellpoint breached the Note when it failed to give Plaintiffs notice of changing loan characteristics. Pls.' Am. Compl. 5 [ECF No. 23]. The Adjustable Rate Note requires the "Note Holder" to deliver or mail to the debtor a notice of any changes in the interest rate and amount of monthly payments before the effective date of any change. Defs.' Mot. Supp. Ex. B, 3 ¶ 4 [ECF No. 26-2]. Plaintiffs do not allege Shellpoint was the holder of the Note, but do allege they are the servicer of the Note. Pls.' Am. Compl. 3 [ECF No. 23]. Shellpoint does not deny the allegations that the DOT required them to give Plaintiffs notice. Again, Shellpoint

only argues that it is not a party to the Note or the DOT and Plaintiffs do not have standing. Defs.' Mot. to Dismiss 3 [ECF No. 25].[2] Plaintiffs have alleged sufficient facts to overcome dismissal on this claim.[3]

### C. WTNA

Plaintiffs allege WTNA breached its agreement with Plaintiffs by failing to abide by the Pooling and Service Agreement ("PSA"). Pls.' Am. Compl. 6 [ECF No. 23]. It appears from the complaint that Plaintiffs similarly challenge the assignment of the DOT to WTNA. *Id.* at 6-7 [ECF No. 23]. Plaintiffs allege the "WTNA Trust" terminated and the DOT should have been assigned and transferred into the "Trust" two years after being signed. *Id.* at 7 [ECF No. 23]. It also appears that Plaintiffs are alleging WTNA split the note, "it would validate Plaintiffs' argument that the Note was placed into the Trust in 2012, and the DOT in 2014, causing and confirming the split of the security agreement from the Note. This is a nullity and invalidates the security agreement." *Id.* [ECF No. 23].

WTNA argues that Plaintiffs do not have standing to challenge the PSA or any alleged defects in the chain of title of the DOT. Defs.' Mot. to Dismiss 3 [ECF No. 25]. WTNA relies on *Ferguson*, arguing that Plaintiffs do not have standing to challenge the PSA. *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015). Plaintiffs respond that *Ferguson* is inapplicable because "Plaintiffs alleged the material breach of contract flows from the Note and DOT and not the PSA

---

[2] In *Hurd*, the court under similar circumstances, found dismissal improper for plaintiff's breach of contract claim through a breach of the note. The plaintiff in *Hurd* alleged the defendant breached the note when it failed to give her notice of changes to her loan payments. *Hurd v. BAC Home Loans Serv., L.P.*, 880 F. Supp. 2d 747, 759 (N.D.Tex. 2012). Plaintiff contended that she never received proper notice of the transfer or sale of the notice as required by the loan. *Id.* The court found although there were no allegations that Defendant was the holder of the note or was servicing her loan at the time of the alleged breach, these allegations, when viewed in the light most favorable to Plaintiff, allowed her to survive dismissal. *Id.* at 759.
[3] The Court notes that in Plaintiffs' original complaint, Plaintiffs attached as an exhibit what appears to be a letter from Shellpoint providing notice of foreclosure. *See* Pls.' Comp. Ex. A [ECF No. 3].

governing body[.]" Pls.' Resp. 4 [ECF No. 28]. Plaintiffs also argue that the chain of title was broken and WTNA was not a holder in due course of the Note, therefore, WTNA does not have any rights to enforce the Note or legal standing to pursue foreclosure. *Id.* at 3-4 [ECF No. 28]. The Court also notes that throughout the complaint Plaintiffs allege that they have standing to challenge the assignments since they are not voidable, but *void*. *See* Pls.' Am. Compl. 4, 8-9, 11-12 [ECF No. 23].

### 1) PSA

As Plaintiffs rely on in their response, *Reinagel* and *Ferguson* directly address the issue of standing and WTNA's alleged failure to abide by the PSA. *Ferguson* holds that borrowers have standing to challenge an assignee's efforts to enforce the obligation on a ground that would render the assignment void. *Ferguson*, 802 F.3d at 781. A borrower has standing to challenge efforts to foreclose if the claim renders the assignment void rather than voidable. *Id.*; *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Similar to *Ferguson*, Plaintiffs do not show that they have standing or that the assignments here are void. The court noted that under *Reinagel*, home loan borrowers "have no standing under Texas law to enforce a PSA because they were neither parties to the PSA nor intended third-party beneficiaries under it." *Ferguson*, 802 F.3d at 782.[4]

Plaintiffs have not alleged that they were in privity to the agreement with WTNA or a third-party beneficiary as required under Texas law. *See Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (citing *Pagosa Oil & Gas,*

---

[4] Plaintiffs also rely on *Vazquez* to show they have standing. In *Vazquez*, the court found that a plaintiff not a party to the assignment of a deed of trust could challenge the assignment as void. *Vazquez v. Deutsche Bank Nat. Trust Co.*, 441 S.W.3d 783, 787 (Tex.App.-Houston [1st Dist.] 2014). Vazquez argued that the assignment was void because the signature it contained was forged. *Id.* Here, Plaintiffs' complaint does not contain allegations which, if true, would render the assignment void. Thus, Plaintiffs' reliance on *Vazquez* is unpersuasive and Plaintiffs fail to state a claim breach of contract.

7

323 S.W.3d at 210)). The Court finds that Plaintiffs lack standing to challenge compliance with the PSA. This Court is somewhat perplexed as to how Plaintiffs contend on the one hand that they have a breach of contract claim, yet on the other hand argues that there was no valid contract between themselves and Defendants. Plaintiffs have failed to demonstrate that the assignment is void merely because it was allegedly made in conflict with the PSA. *See id.* Plaintiffs do not assert an actionable claim against WTNA on this theory.

### 2) Split-the-Note

Courts in the Fifth Circuit have consistently held that the deed of trust automatically transfers the debt, which is evidenced by the promissory note, thus rejecting the "split-the-note" theory. *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *3 (N.D.Tex. July 12, 2012) (explaining that the Deed of Trust has no legal effect without the Note so a transfer of the Deed of Trust automatically transfers the Note); *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *3 (N.D.Tex. May 21, 2012) (rejecting the split-the-note theory because there was no merit to plaintiffs' argument that the deed of trust and note were "split"); *Mortberg v. Litton Loan Serv., L.P.*, No. 4:10-CV-668, 2011 WL 4431946, at *8 (E.D.Tex. Aug. 30, 2011) ("[T]he fact that the note and deed of trust may have been split is immaterial to the ability to conduct foreclosure proceedings in Texas.").

J.P. Morgan transferred the DOT to WTNA on October 23, 2014. Defs.' Mot. Supp. Ex. F, 3 [ECF No. 26-6]. WTNA properly recorded the assignment in Kaufman County on January 9, 2015. *Id.* at Ex. F, 2 [ECF No. 26-6]. The assignment was valid and Plaintiffs were not a party to the assignment. The DOT granted MERS an interest in the Note and DOT, which in turn gave MERS the authority to assign the DOT. WTNA's receipt of the DOT also transferred the Note

giving WTNA the right to foreclose on the Property. *Id.* at Ex. A, 3 [ECF No. 26-1]. Plaintiffs do not assert an actionable claim against WTNA on this theory.

Accordingly, Plaintiffs have failed to state a claim under any of Plaintiffs alleged theories against WTNA and should be dismissed.

### D. Carrington

Plaintiffs assert Carrington breached the DOT by failing to notify Plaintiffs of the changes in the loan as well as servicing. Pls.' Am. Compl. 7 [ECF No. 23]. Plaintiffs' complaint states "CFS is a total stranger to the [l]oan, and, through belief and proof, is a group of California attorneys engaged in the [u]nlawful [p]ractice of [l]aw in the state of Texas by attempting to consummate a non-judicial foreclosure sale of Plaintiffs' property." *Id.* at 7 [ECF No. 23]. Plaintiffs do not allege any other facts supporting their claim against Carrington. *Id.* at 7-8 [ECF No. 23]. Carrington argues, for there to be a breach, the defendant must have been a party to the contract. Def.'s Mot. to Dismiss 3 [ECF No. 35]. Again, a plaintiff lacks standing to challenge an assignment if the plaintiff is not a party to the assignment. *See Eskridge,* 2011 WL 2163989, at *5; *see supra* Part. I.

Plaintiffs have not alleged any actionable facts against Carrington. Plaintiffs' mere recital of case law, without more, does not entitle Plaintiffs to survival of dismissal of this claim. Plaintiffs' complaint does not state sufficient factual allegations that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 545. The district court should dismiss Plaintiffs' claims against Carrington.

### II. Wrongful Foreclosure

In Texas, the elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the

defect and the grossly inadequate selling price. *Biggers v. BAC Home Loans Serv., L.P.*, 767 F. Supp. 2d 725, 729 (N.D.Tex. 2011) (citing cases). Plaintiffs do not allege a foreclosure sale has occurred but that it is an "imminent threat." Pls.' Am. Comp. 8 [ECF No. 23]. "Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers*, 767 F. Supp. 2d at 729; *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege . . . a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price."). Plaintiffs fail to allege any facts showing that their home was sold or at a "grossly inadequate selling price." Thus, Plaintiffs' claim for wrongful foreclosure should be dismissed.[5]

### III. Chain of Title and Failure to Record

Plaintiffs argue that they also have standing to challenge the chain of title for Defendants alleged failure to record in the county clerk's office under Texas Property Code § 51.001(4)(C). Pls.' Resp. 5 [ECF No 28]. On July 13, 2012, MERS recorded its assignment of the DOT to Bank of America in Kaufman County, the county of which the Property is located. Def.'s Mot. for Summ. J. Ex. B, 3 [ECF No. 27-2]. On May 23, 2014, Bank of America recorded its assignment to Christiana Trust in Kaufman County. Defs.' Mot. Supp. Ex. D, 2 [ECF No. 26-4]. On January 9, 2015, Christiana Trust recorded its assignment to J.P. Morgan *Id.* at Ex. E, 2 [ECF No. 26-5]. On the same day, J.P. Morgan recorded its transfer to WTNA. *Id.* at Ex. F, 2 [ECF No. 26-6]. Plaintiffs' claim that Defendants did not record fails and the district court should dismiss this claim.

---

[5] It also appears to the Court Plaintiffs' claims for breach of contract and wrongful foreclosure are time barred by their respective statute of limitations. *See TIB-The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 668 (N.D.Tex. 2014) (Fitzwater, J.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.004) ("Under Texas law, a four-year statute of limitations applies to breach of contract claims.")); *see also Jackson v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-3695-N-BN, 2015 WL 6907507, at *4 (N.D.Tex. Oct. 14, 2015), *R. & R. adopted*, No. 3:14-CV-3695-N, 2015 WL 6866112 (N.D.Tex. Nov. 9, 2015) (holding statute of limitations for wrongful foreclosure based in tort is two years).

### Declaratory Judgment

Since Plaintiffs survive dismissal on their breach of contract claim against Shellpoint, declaratory judgment at this stage is premature. The district court should deny Plaintiffs' request for a declaration without prejudice at this time.

### RECOMMENDATION

The Court respectfully recommends that the District Court GRANT Carrington's Motion to Dismiss [ECF No. 35] in its entirety. The Court also respectfully recommends the district court should GRANT in part and DENY in part WTNA and Shellpoint's Motion to Dismiss [ECF No. 25]. Plaintiffs' claims for wrongful foreclosure should be dismissed with prejudice. Plaintiffs' claims for breach of contract against WTNA should be dismissed with prejudice. The district court should deny Defendants' motion [ECF No. 25] as to Plaintiffs' breach of contract claim against Shellpoint. Plaintiffs' only claim that survives dismissal should be this breach of contract claim against Shellpoint.

**SO RECOMMENDED**, this ___19___ day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).