IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAROL D. DRAEHN and LARRY R. DRAEHN,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:16-CV-0248-L** |
| **WILMINGTON TRUST NATIONAL ASSOCIATION, CARRINGTON FORCLOSURE SERVICES LLC, SHELLPOINT MORTGAGE SERVICING, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,** | § § § § § § § § § | |
| Defendants. | § | |

# **ORDER**

Before the court are Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 25), filed July 26, 2016, by Defendants Wilmington Trust National Association, not in its individual capacity, but solely as Trustee for VM Trust Series 3 ("WTNA") and New Pen Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"); and Defendant Carrington Foreclosure Services, LLC's ("Carrington") Motion to Dismiss First Amended Complaint (Doc. 35), filed September 27, 2016. On December 19, 2016, United States Magistrate Judge Paul D. Stickney entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that WTNA's motion to dismiss be granted; Shellpoint's motion to dismiss be denied; and Carrington's motion to dismiss be granted.

Plaintiffs filed an objection that appears to relate to the initial Findings and Conclusions of the Magistrate Judge ("Initial Report") (Doc. 47), issued on December 7, 2016. The Initial Report

**Order – Page 1**

recommended that the action be dismissed without prejudice for Plaintiffs' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), as Plaintiffs failed to update their address despite repeated warnings from the court. Plaintiffs' objection points out that the clerical error has been corrected. This objection is moot, as the Initial Report was vacated by an order (Doc. 51) issued on December 15, 2016.

Defendants filed an objection to the Report's recommendation that Shellpoint's motion to dismiss be denied. Defendants contend that Plaintiffs' breach of contract claim against Shellpoint ought to be dismissed for three reasons: the Report determined that Shellpoint is not a party to the contract and does not owe a duty to Plaintiff; Plaintiffs will be unable to prove that they performed or tendered performance, as they stopped paying their full monthly mortgage payments; and Plaintiffs' complaint does not allege, what, if any, injury or damages they suffered as a result of Shellpoint allegedly failing to notify them of changes to their loan.

The court overrules Defendants' objection. The objection incorrectly states that the Report determined that Shellpoint was not a party to any contract with Plaintiffs. The Report held that "Shellpoint does not owe Plaintiffs a duty of care and Plaintiffs fail to allege where the [Deed of Trust] creates such a duty." Plaintiffs have alleged that they had an implied and express contract with Shellpoint, which required Shellpoint to provide them with notice of changes to their loan. Pls.' Am. Compl. 5. Considering Plaintiffs' allegations in a light most favorable to Plaintiffs, the court determines that they are sufficient to state a plausible claim for relief. Second, Defendants Shellpoint and WTNA's motion to dismiss did not assert whether Plaintiffs would be able to prove that they performed or tendered performance. Last, Defendants Shellpoint and WTNA did not raise or allege in their motion to dismiss Plaintiffs' failure to allege what, if any, injury or damages

they suffered as a result of Shellpoint allegedly failing to notify them of changes to their loan. Accordingly, dismissal of Shellpoint is not warranted. The objection and issues raised by Shellpoint are more appropriately addressed by summary judgment.

Having reviewed the motions, record in this case, applicable law, Report, and conducting a *de novo* review of the parties' objections, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court.[*] Accordingly, the court **dismisses with prejudice** Plaintiffs' claims for wrongful foreclosure; **grants** Carrington's Motion to Dismiss; **grants in part** Defendants WTNA and Shellpoint's Motion to Dismiss with respect to WTNA and **dismisses with prejudice** Plaintiffs' claim for breach of contract against WTNA; **denies in part** Defendants WTNA and Shellpoint's Motion to Dismiss with respect to Plaintiffs' breach of contract claim against Shellpoint; and **overrules** Defendants' objections to the Report. In light of this decision and an earlier decision, the only remaining Defendant is Shellpoint.

**It is so ordered** this 19th day of January, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] On July 26, 2016, Defendants requested judicial notice of six documents. The court **grants** Defendants' Request for Judicial Notice in Support of [their] Motion to Dismiss Plaintiffs' First Amended Complaint; however, granting this motion does not cure the deficiencies regarding Defendants' objection and failure to raise the matters in its motion to dismiss as previously stated by the court.