UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL D. DRAEHN, § | | |
| and LARRY R. DRAEHN, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | No. 3:16-CV-248-L-BT | |
| § | | |
| SHELLPOINT § | | |
| MORTGAGE SERVICING § | | |
| § | | |
| Defendant. § | | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge for pretrial management. Defendant Shellpoint Mortgage Servicing ("Shellpoint") has filed a Motion for Summary Judgment (ECF No. 70). For the following reasons, the magistrate judge recommends the District Court GRANT Shellpoint's Motion for Summary Judgment.

### Background[1]

According to the First Amended Complaint, which is the live pleading in this action, Plaintiffs Carol Draehn and Larry Draehn obtained a mortgage loan on May 9, 2005, secured by real property located in Terrell, Texas (the

---

[1] Because this case is the subject of several prior opinions, *see, e.g., Draehn, et al. v. Wilmington Trust, Nat'l Ass'n*, 2016 WL 7839180 (N.D. Tex. Dec. 16, 2016) *and Draehn, et al. v. Wilmington Trust, Nat'l Ass'n*, 2016 WL 7911640 (N.D. Tex. Dec. 19, 2016), only the background facts and procedural history necessary to understand the present decision will be recounted here.

"Property"). Pls.' First Am. Compl. at 1, 3 (ECF No. 23). Plaintiffs allege that, as evidence of the loan, they executed a promissory Note and Deed of Trust in favor of the original lender, Countrywide Bank. *Id.* Through a series of assignments, the Deed of Trust allegedly was assigned to Wilmington Trust, N.A., as Trustee for VM Trust Series 3 ("WTNA"). *Id.* Plaintiffs further allege that Shellpoint was the loan servicer of their mortgage loan when they brought this litigation. *Id.* By this lawsuit, Plaintiffs claim that Shellpoint, WTNA, and other defendants, breached the loan agreement and Deed of Trust and that Plaintiffs are entitled to a declaratory judgment that the Deed of Trust is void and unenforceable against Plaintiffs. *Id.* at 5-6, 12. Specifically with respect to Shellpoint, Plaintiffs allege that Shellpoint breached the Deed of Trust by failing to timely notify Plaintiffs in writing of a change in the mortgage loan's characteristics. *Id.* at 5.

On July 26, 2016, Shellpoint and WTNA filed a motion to dismiss Plaintiffs' First Amended Complaint. (ECF No. 25). The other defendants filed separate motions to dismiss and a motion for summary judgment. (ECF Nos. 27, 35). On December 16 and December 19, 2016, United States Magistrate Judge Paul D. Stickney recommended dismissal of all of Plaintiffs' claims, other than Plaintiffs' claim against Shellpoint for breach of contract. (ECF Nos. 52, 53). The District Court accepted Judge Stickney's recommendations on January 17 and January 19, 2017. (ECF Nos. 56, 59). Therefore, Shellpoint

is the only remaining defendant in this case, and the only claim against it is for breach of contract.

Shellpoint now moves for summary judgment on Plaintiffs' sole remaining claim on two general grounds: (1) Plaintiff Carol Draehn lacks standing to enforce any rights under the Note; and (2) Shellpoint provided Plaintiffs with all the required notices under the loan documents. Plaintiffs failed to file a written response to Shellpoint's motion, and the time for doing so has long since expired. Accordingly, the Court considers the motion without the benefit of a response.

## Standard of Review

Summary judgment is appropriate when the pleadings and evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case.

*Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; FED. R. CIV. P. 56(e). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment in favor of the movant. *Celotex,* 477 U.S. at 322-23.

## Analysis

### Failure to Respond

Plaintiffs did not file a response to Shellpoint's summary judgment motion. Although Plaintiffs' failure to respond does not allow the Court to enter a "default" summary judgment, the Court is permitted to accept Shellpoint's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.,* 733

F. Supp. 1113, 1117 (N.D. Tex. 1990); *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A nonmovant who does not respond to the summary judgment motion is "relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serv. Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Plaintiffs' *pro se* status does not excuse them from filing a response. "District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response." *Bookman*, 945 F. Supp. at 1005. Plaintiffs, despite their *pro se* status, "[are] not, as the party with the burden of proof [at trial], excused from the requirement that [they] set forth specific facts supporting [their] claim." *Id.* at 1004 (citing *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir. 1996); *Douglass v. United Servs. Auto Ass'n,* 65 F.3d 452, 455 n.4. (5th Cir. 1995)). By failing to respond to the summary judgment motion, Plaintiffs have not met their burden to designate specific facts to show that there is a genuine issue for trial. *See Bookman,* 945 F. Supp. at 1004.

**Breach of Contract**

The sole remaining issue in this case is whether Shellpoint breached a contract with Plaintiffs. Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.); *Smith Int'l, Inc. v. Egle Group, L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007). The summary judgment evidence is insufficient to raise a genuine fact issue that Plaintiffs could establish the second, third, or fourth elements of their breach of contract claim. Therefore, Shellpoint is entitled to summary judgment.

Plaintiffs cannot prevail on their claim for breach of contract because they failed to identify any evidence sufficient to raise a fact question that they performed or tendered performance on the mortgage loan at issue. Shellpoint has submitted uncontroverted summary judgment evidence that Plaintiffs defaulted on their mortgage loan, even before Shellpoint began servicing Plaintiffs' loan in November 2014. Def.'s App. at Ex. A, 5 ¶ 18 (ECF No. 71-1); Ex. A-2 (ECF No. 71-3). Plaintiffs failed to make their monthly payments due on June 1, 2010 and all subsequent months thereafter. *Id.* at Ex. A, 4 ¶ 14 (ECF No. 71-1); Ex. A-2 (ECF No. 71-3). A Delinquency Notice sent to Plaintiffs stated that as of July 11, 2014, Plaintiffs were 1,532 days delinquent on their mortgage. *Id.* at Ex. A, 4 ¶ 17 (ECF No. 71-3); Ex. A-12 (ECF No. 71-

13). In the absence of any controverting evidence, Plaintiffs cannot raise a genuine fact issue that they performed, or tendered performance, under the loan agreement. Shellpoint is therefore entitled to summary judgment on Plaintiffs' claim for breach of contract. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012) (affirming district court's grant of summary judgment on the ground that plaintiff's undisputed failure to make timely loan payments precluded breach of contract claim).

Plaintiffs also failed to identify any evidence that would raise a fact issue as to whether Shellpoint breached the loan agreement and the Deed of Trust by failing to notify Plaintiffs in writing as to "changes in their mortgage loan characteristics." *See* Pls.' First Am. Compl. at 5 (ECF No. 23). First, Plaintiffs fail to adduce any evidence of a promise in the loan documents obligating Shellpoint to provide written notice of changes in "loan characteristics." Plaintiffs do not identify any particular provision of the Note or Deed of Trust that gives rise to their claim. In the absence of any evidence of such a promise, Shellpoint is entitled to summary judgment on Plaintiffs' breach of contract claim. *Meija v. BAC Home Loan Servicing, LP,* 2011 WL 5252600, at *1 (N.D. Tex. Jul. 6, 2011) (granting summary judgment in favor of mortgage loan servicer where plaintiff failed to identify any specific provision in Deed of Trust that was breached).

Further, the uncontroverted summary judgment evidence establishes

that Shellpoint notified Plaintiffs of significant changes to their loan. For example, the evidence shows that, on or about October 29, 2014, Shellpoint notified Plaintiffs, via written correspondence, that the ownership of their mortgage loan had changed. Def.'s App. at Ex. A, 6 ¶ 24a (ECF No. 71-1); Ex. A-15 (ECF No. 71-16). On or about November 19, 2014, Shellpoint again notified Plaintiffs through written correspondence that ownership of their loan had changed. *Id.* at Ex. A, 6 ¶ 24b (ECF No. 71-1); Ex. A-16 (ECF No. 71-17). On or about November 26, 2014, Shellpoint notified Plaintiffs in writing that Shellpoint would be servicing the loan, effective November 3, 2014. *Id.* at Ex. A, 6 ¶ 24c (ECF No. 71-1); Ex. A-2 (ECF No. 71-3). Also, on or about November 26, 2014, Shellpoint notified Plaintiffs that they were past due for the June 1, 2010 payment. *Id.* at Ex. A, 5 ¶ 18 (ECF No. 71-1); Ex. A-2 (ECF No. 71-3). Shellpoint sent Plaintiffs monthly mortgage statements indicating their monthly payment and overdue payments. *Id.* at Ex. A, 5 ¶ 21 (ECF No. 71-1); Ex. A-13 (ECF No. 71-14). On or about February 18, 2015, Shellpoint notified Plaintiffs, via written correspondence, of certain fees and charges. *Id.* at Ex. A, 6 ¶ 24d (ECF No. 71-1); Ex. A-17 (ECF No. 71-18). Plaintiffs applied for the Loss Mitigation program with Shellpoint and a Single Point of Contact was assigned to Plaintiffs and a notice stating such was sent to Plaintiffs on May 21, 2015. *Id.* at Ex. A, 5 ¶ 22 (ECF No. 71-1); Ex. A-14 (ECF No. 71-15). On or about May 22, 2017, Shellpoint notified Plaintiffs, via written

correspondence, that the servicing of Plaintiffs' loan was being transferred from Shellpoint to FCI Lender Services, Inc., effective June 9, 2017. *Id.* at Ex. A, 6 ¶ 24e (ECF No. 71-1); Ex. A-18 (ECF No. 71-19). In sum, Shellpoint has submitted proof that it provided Plaintiffs with notice of changes regarding their mortgage loan characteristics. Significantly, Plaintiffs have failed to identify any change in loan characteristics of which Shellpoint did not provide notice. Plaintiffs have thus failed to demonstrate a genuine issue of material fact on their claim that Shellpoint breached a contractual obligation to provide notice of changes in loan characteristics.

Shellpoint is also entitled to summary judgment on Plaintiffs' breach of contract claim because Plaintiffs have failed to adduce any evidence of damages. Plaintiffs have not alleged, much less shown, that they have suffered any damages as a result of any act by Shellpoint. Plaintiffs were in default on their mortgage loan before Shellpoint became their loan servicer. Def.'s App. at Ex. A, 4 ¶ 14, 5 ¶ 18 (ECF No. 71-1); Ex. A-2 (ECF No. 71-3). Shellpoint did not initiate foreclosure proceedings; rather, Residential Credit Solutions, Inc., the prior servicer on Plaintiffs' loan, initiated those proceedings. *Id.* at Ex. A, 4 ¶ 17 (ECF No. 71-1); Ex. A-11 (ECF No. 71-12). Plaintiffs have not submitted any evidence that the Property has been foreclosed or that they are no longer in possession of the Property. In the absence of any evidence that Plaintiffs have sustained any damages, Shellpoint is entitled to summary judgment on

Plaintiffs' breach of contract claim.[2]

## RECOMMENDATION

Shellpoint has met its burden of demonstrating there is no genuine issue of material fact for trial on Plaintiffs' claim for breach of contract. Therefore, the District Court should GRANT Shellpoint's Motion for Summary Judgment (ECF No. 70), DISMISS with prejudice Plaintiffs' sole remaining claim against Shellpoint for breach of contract, and enter a final judgment that Plaintiffs take nothing on their claims in this civil action.

**SO RECOMMENDED**.

February 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs' failure to respond to Shellpoint's summary judgment motion and identify competent evidence sufficient to raise a genuine fact issue as to several essential elements of their sole remaining claim for breach of contract pretermits consideration of Shellpoint's other argument that Carol Draehn lacks standing to sue for breach of contract because she is not a party or third-party beneficiary to the Note.

10

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).