IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAROL D. DRAEHN** and **LARRY R. DRAEHN**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:16-CV-248-L** |
| **SHELL POINT MORTGAGE SERVING; WILMINGTON TRUST NATIONAL ASSOCIATION; CARRINGTON FORECLOSURE SERVICES, LLC;** and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, | § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the court is Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing's Motion for Summary Judgment (Doc. 70), filed August 4, 2017; and the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), entered by United States Magistrate Judge Rebecca Rutherford on February 12, 2018 (Doc. 77), recommending that the court grant the summary judgment motion and dismiss with prejudice Plaintiffs' remaining breach of contract claim. On February 27, 2018, Plaintiffs filed objections to the Report in which they include a request to stay the allegedly illegal foreclosure of the Property at issue pending a ruling on the summary judgment motion.

After considering the motion, Defendant's summary judgment brief and evidence, to which there was no response by Plaintiffs, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines

that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections; **grants** Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing's Motion for Summary Judgment (Doc. 70); and **dismisses with prejudice** Plaintiffs' remaining breach of contract claim. Plaintiffs' request for injunctive relief is **denied**, as all other claims by Plaintiffs against Defendants in this case have been dismissed, and Plaintiffs have not satisfied each of the requirements for injunctive relief.[*] Accordingly, pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 28th day of February, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*]There are four prerequisites for the extraordinary relief of a temporary restraining order ("TRO") or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.